IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02767-WJM-STV

UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION, LOCAL NO. 7, AFL-CIO,

    Plaintiff,

v.

KAISER FOUNDATION HEALTH PLAN OF COLORADO, and
COLORADO PERMANENTE MEDICAL GROUP P.C.,

    Defendants.
_____

# ORDER
_____

Magistrate Judge Scott T. Varholak

    This matter is before the Court on Plaintiff's Motion for Leave to File an Answer Out of Time [#67]. The Motion has been referred to this Court. [#69] This Court has carefully considered the Motion, the case file, and the applicable case law, and has determined that neither additional briefing nor oral argument would materially assist in the disposition of the Motions.[1] For the following reasons, the Court **GRANTS** the Motion and **ACCEPTS** [#66] Counterclaim Defendant's Answer as filed.

    On October 21, 2022, Defendants filed their Answer to Plaintiff's Complaint. [#52] That filing also included Defendants' Counterclaim against Plaintiff. [*Id.* at 12-19] Plaintiff's response to the Counterclaim was therefore due on November 11, 2022. *See* Fed. R. Civ. P. 12(a)(1)(B) ("A party must serve an answer to a counterclaim or

---

[1] Pursuant to D.C.COLO.LCivR 7.1(d), "a judicial officer [may] rul[e] on a motion at any time after it is filed."

crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim."). Plaintiff ultimately filed its Answer to Defendant's Counterclaim on December 5, 2022—just over three weeks after the Answer was due. [#66] Two days later, Plaintiffs filed this Motion seeking that the Court accept its out-of-time answer pursuant to Federal Rule of Civil Procedure 6(b)(1). [#67] Defendants filed a response in opposition to the Motion. [#77]

Notwithstanding Defendants' opposition, the Court finds good cause to grant the Motion. Pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), the Court may extend a deadline "on motion made after the time has expired if the party failed to act because of excusable neglect." Pursuant to Rule 6(b)(1)(B), the Court thus is "permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993) (discussing the meaning of "excusable neglect" in the context of a bankruptcy court rule); *see also Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995) (finding the reasoning of *Pioneer Inv. Servs. Co.* equally applicable to excusable neglect under Rule 6(b)). The determination of whether neglect is "excusable" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co.*, 507 U.S. at 395. In particular, the Court should consider "the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

Plaintiff is responsible for complying with the deadlines established by the Court and the Federal Rules of Civil Procedure and the Court takes that responsibility seriously. The Court further notes that Plaintiff's proffered reason for missing the deadline—a "shuffle of counsel for both parties"—is fairly weak and still left meeting the deadline well within the reasonable control of Plaintiff. However, there is no indication that the Plaintiff's failure to meet the deadline to file its answer was the result of bad faith or an attempt to delay the proceedings or gain some tactical advantage. Instead, it appears clear that the failure was inadvertent and the Plaintiff was acting in good faith. Plaintiffs assert that they missed the deadline through inadvertence, and filed an Answer promptly upon discovery of the mistake. [#67 at 3] Defendants make no argument to the contrary. [*See* #77] Moreover, the requested extension—which will result in the Answer being filed less than one month after it was originally due—will not cause significant prejudice to Defendants or delay proceedings. The deadlines in this case have been liberally extended at the requests of both parties, and the Final Pretrial Conference is not set until June 6, 2023. [*See* #50] The Court also notes that there does not appear to be a pattern of inadvertence or untimeliness by Plaintiff in prosecuting this case, which the Tenth Circuit has explained is relevant to the analysis. *See Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017) (holding that a district court did not abuse its discretion in finding that a calendaring error did not constitute excusable neglect, but noting that "[h]ad counsel's error been isolated, our decision might be different, *see Jennings v. Rivers*, 394 F.3d 850, 857 (10th Cir. 2005), but it was not"). Moreover, allowing Plaintiff to file its Answer out of time is consistent with the strong preference in this Circuit for cases to be decided on the merits rather

than through the entry of a default judgment.  *See Rains v. Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991).

Considering the totality of the circumstances and that the request for leave to file the Answer after the deadline has expired will not unduly prejudice Defendant or delay the resolution of this case, the Court finds that Plaintiff's neglect in failing to file the Answer, while certainly not commendable, is excusable.  The Motion thus is **GRANTED** and [#66] Counterclaim Defendant's Answer is **ACCEPTED AS FILED.**

DATED:  December 14, 2022                              BY THE COURT:

                                                                              s/Scott T. Varholak
                                                                              United States Magistrate Judge